UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLEN ROSS,

                               NO. CIV. S-08-206 LKK/GGH

       Plaintiff,

    v.

                                 O R D E R

SGS TESTCOM, INC., a New
York corporation doing
business in California;
DENNIS DAYRIT, an individual;
BILL GIBSON, an individual;
and DOES 1-25,,

       Defendants.

_____/

    Plaintiff, Glen Ross, originally brought a wage and hour

complaint in Sacramento County Superior Court, naming both

California and non-California defendants.  The defendants removed

the action to federal court based on diversity jurisdiction,

alleging that the California defendant, Bill Gibson, was

fraudulently joined and therefore should be disregarded.  Pending

before the court is plaintiff's motion to remand, which contends

that the California defendant was properly joined and that subject

1   matter jurisdiction in federal court is therefore lacking.  The

2   court resolves the motion on the papers and after oral argument.

3   For the reasons set forth below, the court grants plaintiff's

4   motion and remands the action to Sacramento County Superior Court.

5                            **I. Background**

6        In December 2007, plaintiff Glen Ross, a citizen of

7   California, filed a loss of wages complaint in Sacramento Superior

8   Court against corporate defendant, SGS Testcom, Inc., and

9   individual defendants, Dennis Dayrit and Bill Gibson.  Plaintiff

10  alleged the following seven causes of action against all defendants

11  in his state complaint:  (1) failure to pay over time (Labor Code

12  §§ 510, 1194, 1198), (2) waiting time penalties (Lab.C. §§ 203,

13  558), (3) failure to provide accurate itemized statements (Lab.C.

14  § 226), (4) failure to provide meal periods (Lab.C. §§ 226.7, 512,

15  IWC Wage Orders), (5) failure to provide rest periods (Lab.C. §

16  226.7, IWC Wage Orders), (6) unfair competition (Business &

17  Professions Code §§ 17200 et seq.), and (7) constructive trust. On

18  January 28, 2008 defendants removed the case to this court.

19       Pending before the court is plaintiff's motion to remand the

20  case to Sacramento County Superior Court.

21              **II.  Standard for a Motion to Remand**

22       Civil actions not involving a federal question are

23  removable to a federal district court only if there is diversity

24  of citizenship between the parties.  28 U.S.C. § 1332(a)(1).

25  Section 1332 requires that there be complete diversity; that is,

26  each plaintiff's citizenship must be diverse as to each

1  defendant's citizenship.  Id.  A defendant may remove a civil

2  action that alleges claims against a non-diverse defendant when

3  the plaintiff has no basis for suing that defendant, or in other

4  words, when that defendant has been fraudulently joined.  McCabe

5  v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

6      "'If the plaintiff fails to state a cause of action against

7  a resident defendant, and the failure is obvious according to

8  the settled rules of the state, the joinder of the resident

9  defendant is fraudulent.'" Ritchey v. Upjohn Drug Co., 139 F.3d

10  1313, 1318 (9th Cir.1998) (quoting McCabe, 811 F.2d at 1339).

11  Where a non-diverse defendant has been "fraudulently joined" to

12  an otherwise completely diverse case, that defendant is

13  disregarded for diversity jurisdiction purposes.  See, e.g.,

14  Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1176 (N.D. Cal.

15  2003).

16      In order to establish that a non-diverse defendant has been

17  fraudulently joined, the removing party carries the heavy burden

18  of establishing the absence of any possibility of recovery.

19  Ritchey, 139 F.3d at 1318.  The claim of fraudulent joinder must

20  be supported by clear and convincing evidence.  Hamilton

21  Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir.

22  2007).  In determining whether a non-diverse defendant has been

23  improperly joined, courts may look beyond the pleadings and

24  examine the factual record.  McCabe, 811 F.2d at 1339.

25      The court must initially resolve all disputed questions of

26  fact and all ambiguities in the controlling state law in favor

3

1  of the non-removing party.   <u>Macey v. Allstate Prop. & Cas. Ins.</u>

2  <u>Co.</u>, 220 F. Supp. 2d 1116, 1117-18 (N.D. Cal. 2002).   If, after

3  doing so, there is any possibility that the non-removing party

4  may recover against the party whose joinder is questioned, the

5  court must grant the motion to remand since complete diversity

6  of citizenship and thus federal jurisdiction is lacking.   <u>Plute</u>

7  <u>v. Roadway Package Sys., Inc.</u>, 141 F. Supp. 2d 1005, 1012 (N.D.

8  Cal. 2001).

9                          **III. Analysis**

10       Defendants removed the action to federal court pursuant to

11  28 U.S.C. § 1441(b), alleging that Bill Gibson, a citizen of

12  California, was fraudulently joined.   Specifically, defendants

13  assert that plaintiff has no valid cause of action against

14  individual defendant Gibson under California law, and thus his

15  joinder is fraudulent and his presence should be disregarded for

16  purposes of diversity.   Plaintiff maintains that there are valid

17  claims against defendant Bill Gibson for waiting time penalties

18  (Cal. Labor Code § 558) and unfair competition (Cal. Business &

19  Professions Code §§ 17200 et seq.).   Therefore, plaintiff

20  asserts that joinder of defendant Gibson was not fraudulent and

21  complete diversity in federal court is destroyed by his

22  presence.

23       As explained below, the court finds that defendants fail to

24  establish by clear and convincing evidence that plaintiff has no

25  possibility of recovery against defendant Gibson. Plaintiff's

26  motion is granted.

                               4

**A.    Waiting Time Penalties Claim under Labor Code Section 558**

While plaintiff's complaint alleges all seven claims against individual defendant Gibson, plaintiff specifically argues in his motion to remand that he has a possibility of recovery under the waiting time penalties claim (Cal. Labor Code § 558) and unfair competition claim (Cal. Bus. & Prof. Code §§ 17200 et seq.).   Defendants first argue that § 558 does not permit recovery as a matter of law and, alternatively, that there is no evidence to show that defendant Gibson may be liable under § 558.

    **1.    Section 558 Permits Plaintiff's Cause of Action**

          **Against Defendant Gibson**

Defendants maintain two arguments as to the text of California Labor Code § 558.[1]  First, defendants assert that the plain language of Labor Code § 558 does not provide for imposition of liability on managers.   Second, defendants

---

[1]At oral argument, the defendants asserted for the first time that the plaintiff's allegations against defendant Gibson were proper only under Labor Code § 510, not § 558, because they allege failures to pay overtime wages. Aside from the impropriety of raising a new argument at oral argument that was not raised in the briefs, the court finds this argument meritless. Upon a plain reading of § 558, it is not evident to the court that a claim for failure to pay overtime wages could not be properly brought under this section. Even if that were the case, the specific factual allegations made against defendant Gibson encompass more than simply failure to pay overtime wages. See Notice of Removal, Ex. A (complaint filed in Superior Court of California, County of Sacramento at ¶ 5). Furthermore, the plaintiff's causes of action were alleged against all defendants, including defendant Gibson. See id. (complaint at ¶¶ 29-72). The court therefore cannot conclude that § 558 is not the proper avenue for the relief that the plaintiff seeks against defendant Gibson.

1  maintain that the legislative history of § 558 does not support

2  the imposition of personal liability on supervisors.  The court

3  finds both arguments unpersuasive.

4       California Labor Code § 558 states, "Any employer or other

5  person acting on behalf of an employer who violates, or causes

6  to be violated, a section of this chapter or any provision

7  regulating hours and days of work in any order of the Industrial

8  Welfare Commission shall be subject to a civil penalty as

9  follows..." (emphasis added).  For the purpose of defining

10  "person" as it is used in § 558, Labor Code § 18 provides that,

11  "Person means any person, association, organization,

12  partnership, business trust, limited liability company, or

13  corporation."

14       A plain reading of § 558, therefore, indicates that a

15  "person acting on behalf of an employer" can be subject to the

16  civil penalties of § 558.  This language tends to demonstrate

17  that the legislature did contemplate directly holding a

18  corporate agent or representative liable to such civil penalties

19  under the statute. In addition, since a "person" is defined in §

20  18 as including an individual person, this further supports the

21  possibility that individual corporate agents are subject to the

22  civil penalties of § 558.

23       Since the court finds that on its face, the statutory

24  language demonstrates possible liability for individual

25  corporate agents, it is not necessary to take judicial notice of

26  the legislative history as requested by defendants.  See Funbus

6

1  Systems Inc. v. California Public Utilities Com., 801 F.2d 1120,

2  1126 (9th Cir. 1986)(explaining that only if language of statute

3  is ambiguous, may court then consider legislative history).

4  However, the court observes that the legislative history of §

5  558 does not appear to support defendants' argument.  Defendants

6  point to the legislative history's complete lack of discussion

7  regarding intent for § 558 to change the common law rule that

8  only an employer may be liable for unpaid wages and associated

9  penalties.  This absence of discussion of individual agent

10  liability in the legislative history does not in and of itself

11  persuade the court that the legislature decided against such

12  liability.

13      Defendants also argue that it is well-settled by California

14  courts that corporate agents acting within the scope of their

15  agency cannot be held personally liable for their employer's

16  failure to pay wages.  Defendants further maintain that because

17  plaintiff's interpretation of Labor Code § 558 conflicts with

18  this long-standing common law, plaintiff's interpretation should

19  not stand.  Defendants principally rely on Reynolds v. Bement,

20  116 P.3d 1162 (Cal. 2005) and Jones v. Gregory, 137 Cal.App.4th

21  798 (2006) in support of this contention.  The court finds these

22  cases to be inapposite.

23      In Reynolds, the California Supreme Court held that

24  individual corporate defendants were not liable for alleged

25  misclassifications of employees under Labor Code §§ 1194 and

26  510.  Reynolds, 116 P.3d 1162 at 1170.  Since § 1194 did not

1   explicitly define "employer," the plaintiff in <u>Reynolds</u>

2   suggested that the court apply the Industrial Welfare Commission

3   (IWC) definition in which an employer was any individual who

4   "exercises control over the wages, hours, or working conditions

5   of any person." <u>Reynolds</u>, 116 P.3d at 1168; <u>see also</u> Wage Order

6   No. 9, subd. 2(F).  Following an examination of the legislative

7   history of § 1194, the court concluded that the legislature did

8   not clearly manifest intent to incorporate the IWC's definition

9   of "employer" and impose personal civil liability on corporate

10  agents.  <u>Reynolds</u>, 116 P.3d at 1170.

11      <u>Reynolds</u> is easily distinguished from the case at hand.

12  First, unlike <u>Reynolds</u>, the instant case does not deal with only

13  a § 1194 claim against an individual defendant.  Rather, the

14  plaintiff also asserts a separate § 558 claim against individual

15  defendant Gibson.  The <u>Reynolds</u> court itself acknowledged that a

16  § 558 claim and a § 1194 claim are distinct causes of action,

17  noting that to § 558 was a potential alternative to § 1194 for

18  holding individual corporate agents subject to civil penalties

19  for unpaid wages.  <u>Reynolds</u>, 116 P.3d at 1170-71; <u>see also</u>

20  <u>Jones</u>, 137 Cal.App.4th at 810 (differentiating § 1194 and § 558

21  claim while alluding to possibility of private enforcement of §

22  558 through newly created Private Attorneys General Act of

23  2004). Moreover, the Reynolds' court's holding was based on the

24  absence of a statutory definition of "employer" in § 1194. <u>See</u>

25  <u>Reynolds</u>, 116 P.3d at 1170. This is not the case in § 558,

26  where, as discussed *supra*, the persons who may be liable for the

8

1   violation of the section are expressly described and include

2   persons acting on behalf of an employer. Neither <u>Reynolds</u> nor

3   <u>Jones</u> appear to be plausibly read as to bar the plaintiff's

4   cause of action under § 558 against defendant Gibson.

5           **2.   Facts In Support of Plaintiff's Section 558 Claim**

6                **Against Defendant Gibson**

7           Finally, defendants assert that even if there were a

8   potential claim against individual defendant Gibson under § 558,

9   no facts exit that could be used to hold him liable.  The court

10  disagrees.  The plaintiff has tendered evidence in the form of

11  his own declaration, stating that Gibson "was in charge of the

12  SGS Testcom, Inc. division in California.  He was in direct

13  control of my wages, hours, and working conditions at SGS

14  Testcom, Inc.  He was further directly responsible for applying

15  the California labor laws to my employment, and to the

16  employment of others in my department."  <u>See</u> Declaration of Glen

17  Ross in Support of Plaintiff's Motion for Remand ¶ 3.

18          When examining the factual record to determine fraudulent

19  joinder, the court must initially resolve all disputed questions

20  of fact and all ambiguities in the law in favor of the non-

21  removing party.  <u>Macey v. Allstate Prop. & Cas. Ins. Co.</u>, 220 F.

22  Supp. 2d 1116, 1117-18 (N.D. Cal. 2002).  Here, the plaintiff

23  has presented some evidence to support his allegation that

24  defendant Gibson may have been acting as an agent for the

25  corporation.  Whether this evidence is credible is an ambiguity

26  that must be resolved in favor of the plaintiff. The defendants

9

1  have not met their burden to show that there is no potential

2  factual basis for recovery against defendant Gibson.

3      Because the court concludes that a potential claim exists

4  under Labor Code § 558 as against individual defendant Gibson,

5  it need not determine whether there is also a claim under

6  California Business & Professions Code §§ 17200 et. seq.

7      The defendants have not established by clear and convincing

8  evidence that defendant Gibson was fraudulently joined.

9  Consequently, the presence of defendant Gibson in this case

10  destroys the complete diversity required in 28 U.S.C. § 1332 and

11  the case must be remanded to the state superior court with

12  proper jurisdiction.

13                      **IV.   CONCLUSION**

14      For the reasons set forth above, plaintiff's motion to

15  remand is GRANTED and the action is REMANDED to Sacramento

16  County Superior Court.

17      IT IS SO ORDERED.

18      DATED:  April 8, 2008.

19

20

21                      LAWRENCE K. KARLTON
22                      SENIOR JUDGE
                        UNITED STATES DISTRICT COURT
23

24

25

26